**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Melinda Bulgin, | ) | Case No. 4:15-cr-102 |
| | ) | |
| Defendant. | ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence pursuant to the First Step Act of 2018, filed on May 11, 2020. See Doc. No. 736. The Government filed a response in opposition to the motion on May 14, 2020. See Doc. No. 738. The Defendant filed two reply briefs in support of her motion. See Doc. Nos. 739 and 745. In addition, the Defendant filed three supplements to her motion. See Doc. Nos. 741, 742, and 744. For the reasons set forth below, the motion is denied.

## I.    BACKGROUND

On September 14, 2018, after a five day trial, a jury convicted Bulgin on fifteen counts involving conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and conspiracy to commit international money laundering. See Doc. No. 501. On July 10, 2019, the Court sentenced Bulgin to 48 months of imprisonment and three years of supervised release. See Doc. No. 645. No appeal was taken. Bulgin is serving her sentence at Danbury Federal Prison Camp in Danbury, Connecticut. Her projected release date is February 9, 2022.

On May 11, 2020, Bulgin filed the instant motion for a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing "extraordinary and compelling" reasons. The

Government responds asserting that Bulgin has not provided an appropriate basis for compassionate release.

II.    **LEGAL DISCUSSION**

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." It is undisputed that Bulgin filed a request for compassionate release with the BOP and that request was denied. See Doc. Nos. 738-1 and 738-2. Thus, the Court finds Bulgin has exhausted her administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification). It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c). See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were

2

rarely filed.  This all changed when the First Step Act was signed into law on December 21, 2018.  The

relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify
> a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon
>> motion of the defendant</u> after the defendant has fully exhausted all
>> administrative rights to appeal a failure of the Bureau of Prisons to bring a
>> motion on the defendant's behalf or the lapse of 30 days from the receipt of such
>> a request by the warden of the defendant's facility, whichever is earlier, may
>> reduce the term of imprisonment (and may impose a term of probation
>> or supervised release with or without conditions that does not exceed the unserved
>> portion of the original term of imprisonment), after considering the factors set
>> forth in section 3553(a) to the extent that they are applicable, if it finds that–
>>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>>
>>> and that such a reduction is consistent with applicable policy statements
>>> issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The

Sentencing Commission policy statement can be found at Section 1B1.13 of the 2018 Sentencing

Guidelines Manual.  However, the policy statement pertains to the old law rather than the new law and

thus is of questionable applicability.  See United States v. Beck, No. 1:13-CR-186-6, 2019 WL

2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful

guidance but does not control the district court's independent assessment of whether "extraordinary and

compelling reasons" warrant a sentence reduction.).   This Court agrees that the Sentencing

Commission's existing policy statement provides only limited guidance.  See United States v. Fox, No.

2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).  In addition, the Sentencing Commission

will not be publishing a 2019 or 2020 Sentencing Guidelines Manual for lack of a quorum.  Beck, No.

3

1:13-CR-186-6, 2019 WL 2716505, at *5 n.7.  The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is–

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances**.--

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)     **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.     **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.     **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.     **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5.     **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Bulgin contends she should be granted compassionate release because she needs to serve as her grandmother's caregiver because her mother, who currently serves as the grandmother's caregiver, has

contracted COVID-19 and is hospitalized, leaving the grandmother without a caregiver.  Additionally, Bulgin contends that she is at risk of contracting COVID-19 due to her incarceration at Danbury Federal Prison Camp which has experienced a number of active cases among inmates and staff.

Bulgin has not identified "extraordinary and compelling reasons" for compassionate release or a sentence reduction within the meaning of Section 3582(c)(1)(A).  Bulgin has failed to provide any supporting documentation demonstrating that her mother is currently hospitalized, her grandmother requires a caregiver, or that Bulgin would be a suitable candidate for release from BOP custody to serve as her grandmother's caregiver.  In addition, while the incapacitation of a spouse or child is recognized as an extraordinary and compelling circumstance, acting as a caregiver for a parent or grandparent is not a an extraordinary or compelling reason recognized by the application note to U.S.S.G. § 1B1.13. Thus, Bulgin has not met her burden to establish a sentence reduction is warranted.

As for Bulgin's generalized fear of contracting COVID-19, the Court is unpersuaded.  The mere existence of the COVID-19 pandemic, which poses a threat to every person in the country, does not, in and of itself, provide a basis for a sentence reduction.    As the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  District courts have concluded similarly.  See United States v. Eberhart, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence").  This does not mean that COVID-19 is not relevant to the Court's totality of circumstances analysis when considering a motion for reduction of sentence. All factors must be considered.  COVID-19 is an extremely dangerous illness.  It has caused thousands of deaths in the United States in a short period of time and severe societal and economic disruption.

6

In response to the pandemic, the BOP has taken significant measures to protect the health of the inmates in its charge including working with the United States Centers for Disease Control to minimize the risk of COVID-19 transmission with its facilities.  The risk of infection is very real, both within BOP facilities and in society in general.  Release from prison does not abate the risk.  While sympathetic to Bulgin's concerns regarding the effects of COVID-19 in the federal prison system, the Court does not find that her circumstances clear the high bar necessary to warrant a sentence reduction.

The Court has carefully reviewed the entire record and concludes Bulgin has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction at this time.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (noting the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

III.   **CONCLUSION**

Accordingly and for the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 736), motion for hearing (Doc No. 737), and motion for appointment of counsel (Doc. No. 743) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2020.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court